UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALVIN HENRY DALTON,<br><br>    Plaintiff,<br><br>v.<br><br>CRAIG KOENIG, et al.,<br><br>    Defendants. | Case No. 21-cv-08241-JSW<br><br>**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT; ON PENDING MOTIONS**<br><br>Re: Dkt. Nos. 24, 27, 28, 30, 35 |

**INTRODUCTION**

Plaintiff is a California prisoner proceeding pro se. He filed this civil rights action under 42 U.S.C. § 1983 against officials at the Correctional Training Facility ("CTF"). The operative complaint is the First Amended Complaint ("amended complaint"). (ECF No. 22.) Defendants have filed a motion for summary judgment. Plaintiff has filed an opposition, and Defendant has filed a reply brief. Plaintiff has filed a sur-reply. For the reasons discussed below, the motion for summary judgment is GRANTED. The other pending motions are also addressed below.

**DISCUSSION**

**I.**    **Standard of Review**

Summary judgment is proper where the pleadings, discovery and affidavits show that there is "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Material facts are those which may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party.

The moving party for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery and affidavits which demonstrate the absence of a genuine

1  issue of material fact. *Celotex Corp. v. Cattrett*, 477 U.S. 317, 323 (1986). When the moving party

2  has met this burden of production, the nonmoving party must go beyond the pleadings and, by its

3  own affidavits or discovery, set forth specific facts showing that there is a genuine issue for trial.

4  If the nonmoving party fails to produce enough evidence to show a genuine issue of material fact,

5  the moving party wins. *Id*.

**II. <u>Analysis</u>**

The amended complaint has been found to set forth two cognizable claims:

(1) that Defendants violated Plaintiff's constitutional rights by denying his request for a visit from family members; and

(2) that Defendants violated his right to equal protection by falsifying the nature of his conviction and falsely indicating that he had prior convictions because he is Black.

1. <u>Family Visits</u>

The First and Eighth Amendments afford prisoners protections against excessive restrictions on family visits. *See Overton v. Bazzetta*, 539 U. S. 126, 131-32, 136 (2003). Such restrictions are constitutional if they are reasonably related to legitimate penological interests. *Id.* (citing *Turner v. Safley*, 482 U.S. 78, 89 (1987)).

Defendants present evidence showing that they denied Plaintiff's family visitor under 15 Cal. Code Regs. § 3177(b)(1), which does not allow inmates convicted of certain violent or sexual offenses against minors to receive family visitors. There is no dispute that Plaintiff was convicted of premeditated attempted murder of two minors, whom he shot, or that that these are qualifying convictions under the regulation.

Plaintiff is not clear whether he challenges this regulation on its face, or as applied in this instance, but in either event Defendants did not violate his constitutional rights. The penological interest served by the regulation and its application to Plaintiff is the safety of visitors to prisons, in particular minors; there is no doubt or dispute that this interest is legitimate. This interest is reasonably served by the regulation because minors --who are especially vulnerable to violence from adults --- are more likely, when they visit prisons, to be threatened or feel threatened by inmates who have been violent to minors in the past. Family members will often include minors,

and in some instances those minors were the inmates' victims. Therefore, denying a family visit to inmates who have a history of abusing minors is reasonably related to the legitimate penological goal of protecting the public and minors in particular. That restrictions on family visits may in some instances be over- or under-inclusive does not render such restrictions unreasonable on their face because reasonableness does not require that the prison employ the least restrictive means of meeting their legitimate penological objectives. In this instance, denying Plaintiff's family visit was reasonably related to the legitimate penological goal of protecting minors who may visit him with his family in light of Plaintiff's prior convictions for premeditated attempted murder of two minors. Consequently, Defendants are entitled to summary judgment on Plaintiff's claim that denying him a family visit violated his constitutional rights.

2. Equal Protection

Plaintiff claims that Defendants falsely indicated on the form denying his request for a family visit that he had a conviction under California Penal Code § 192 and had prior convictions. Plaintiff claims that Defendants made these false statements because he is Black.

"The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Center*, 473 U.S. 432, 439 (1985) (quoting *Plyler v. Doe*, 457 U.S. 202, 216 (1982)). Discrimination among prisoners based upon their race violates the Equal Protection Clause unless it survives "strict scrutiny," meaning it is closely related to a compelling state interest. *Johnson v. California*, 543 U.S. 499, 509-15 (2005).

Defendants have submitted the form denying Plaintiff's request for a family visit. It does not in fact state that Plaintiff had any prior convictions or was a repeat-offender, nor has Plaintiff shown any evidence that Defendants indicated he had prior convictions. Consequently, there is no triable factual question as to whether Defendants made that misrepresentation in the first place, let alone that they did so based upon his race.

Defendants concede that the form incorrectly indicates that Plaintiff was convicted of under California Penal Code § 192 (Plaintiff was in fact convicted under California Penal Code §

3

1 187), but there is no evidence that they wrote down the wrong Penal Code section because of
2 Plaintiff's race. Moreover, this error did not have any impact on Plaintiff's eligibility for family
3 visits because 15 Cal. Code Regs. § 3177(b)(1) applies to inmates convicted either Penal Code §
4 187 or § 192. Consequently, there is no evidence that Defendants treated Plaintiff differently from
5 any similarly situated inmate in a manner that caused him harm, nor is there any evidence that
6 Defendants engaged in racial discrimination against him.

7 Accordingly, Defendants are entitled to summary judgment on this claim.

### III. Motion

Plaintiff has filed a motion for impleader of a number of individuals against whom he also seeks a subpoena. The motion for impleader is DENIED because Defendants have not asserted any counter-claims against Plaintiff or against any third-party Plaintiff. *See* Fed. R. Civ. P. 14(a).

Plaintiff has also filed motions for the Court to subpoena a number of nonparty witnesses to compel them to answer interrogatories. Under Rule 33, a party may propound interrogatories on other parties. The Court is not aware of, and Plaintiff does not cite, authority that discovery may be expanded to propound interrogatories on non-parties in a Section 1983 case. *Cf. Harris v. Nelson*, 394 U.S. 286, 289, 297–98 (1969) (allowing interrogatories to be served on non-parties in habeas proceedings, and cautioning against "judicial expansion of discovery"). Plaintiff does not need to file a motion for permission to subpoena these witnesses for their testimony or to produce documents. Finally, Plaintiff does not explain how the testimony of these witnesses would or could create a triable factual issue related to his claims. Accordingly, the motions for subpoenas are DENIED.

Defendants filed a motion to strike Plaintiff's sur-reply. In light of Plaintiff's pro se status, the motion is DENIED. The Court has reviewed the sur-reply, and it does not alter the conclusions reached herein.

//

//

**CONCLUSION**

For the foregoing reasons, Defendants' motion for summary judgment is GRANTED. Plaintiff's motions for impleader and subpoenas are DENIED. Defendant's motion to strike is DENIED.

The clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: March 20, 2023

_____
JEFFREY S. WHITE
United States District Judge